**E-FILED**
Thursday, 06 June, 2013  09:33:11 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| HAROLD ODEEN, | ) | |
| | ) | Case No. 4:12-cv-4083 |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MEMORANDUM IN** |
| vs. | ) | **SUPPORT OF MOTION FOR** |
| | ) | **SANCTIONS AGAINST PLAINTIFF** |
| CENTRO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW defendant, Centro, Inc., by and through its attorneys, McDonald, Woodward & Carlson, P.C., and hereby moves this Court for sanctions against plaintiff.  In support of its Motion, defendant states as follows:

## I.      INTRODUCTION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent powers, defendant moves for the following sanctions against plaintiff for his failure to respond to defendant's written discovery requests and for violating the court-ordered deadline for responding to defendant's written discovery requests:

(1)    Order plaintiff to pay all of defendant's attorneys' fees and costs caused by plaintiff's failure to respond to defendant's written discovery requests;

(2)    Grant a default judgment in favor of defendant and against plaintiff.

## II.     FACTS SUPPORTING DEFENDANT'S MOTION

### A.     Despite Numerous Conferences and Emails, Plaintiff Failed to Respond to Defendant's Discovery Requests Which Have Been Outstanding Since January

On December 20, 2012, defendant propounded Interrogatories and a Request for Production of Documents upon plaintiff. (See Exhibits A & B)  On January 7, 2013, defendant's counsel granted plaintiff an extension of time to provide discovery responses to it and requested a date certain that the responses would be provided. (See Exhibit C) Defendant's counsel, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 37.1, on two separate occasions, advised plaintiff's counsel that his discovery responses were overdue. (See Exhibits D & E) On March 11, 2013, the parties held a telephonic conference call to discuss plaintiff's discovery responses.  At that time, plaintiff's counsel indicated that he was having difficulty eliciting cooperation from his client, but would try to contact him.   After the conference call, plaintiff's counsel sent an email indicating that his client would be coming in to his office to discuss the discovery responses on March 22, 2013.

On April 2, 2013, defendant's counsel sent plaintiff's counsel another letter requesting discovery responses in light of the alleged meeting which was to have taken place on March 22, 2013.  In this letter, defendant's counsel gave plaintiff's counsel until April 5, 2013 to provide her with discovery responses.  (See Exhibit F)

On April 16, 2013, plaintiff's counsel sent defendant's counsel an email indicating that his client would be providing discovery responses to him on Friday, April 19, 2013.  (See Exhibit G) On April 17, 2013, defendant's counsel sent plaintiff's counsel an email inquiring as to when she could expect the discovery responses.  (See Exhibit H)

After failing to receive a response from plaintiff's counsel, on April 19, 2013, defendant's counsel sent plaintiff's counsel another letter requesting responses by April 23, 2013 at 5:00 p.m.   (See Exhibit I)

2

On April 22, 2013, plaintiff's counsel sent defendant's counsel an email stating that he could not get discovery responses to defendant's counsel by April 23, 2013 at 5:00 p.m. (See Exhibit J)

### B. The Court Granted Defendant's Motion to Compel Discovery

On April 24, 2013, defendant filed its Motion to Compel in this case. (See Exhibit K) On May 14, 2013, Judge Gorman issued his Order compelling plaintiff to serve complete responses to all outstanding written discovery within 14 days and indicating that a "failure to comply with this Order may result in imposition of sanctions, up to and including entry of default."

Despite this Order, numerous extensions of time and numerous communications regarding the status of discovery, plaintiff failed to provide defendant with his discovery responses by the May 28, 2013 deadline.

## III.   ARGUMENT

Plaintiff should be sanctioned pursuant to Federal Rules of Civil Procedure 37(a), (b), and (d), and under the Court's inherent powers for failing to respond to defendant's written discovery requests and for violating the court-ordered deadline.

### A.   The Legal Standard for Sanctions Under Federal Rule of Civil Procedure 37

Federal Rule of Civil Procedure 37 authorizes a district court to sanction a party where a motion to compel is granted or discovery or disclosure is provided after the motion was filed. Fed.R.Civ.P. 37(a)(5). Rule 37(a)(5) mandates the broad recovery of all attorneys' fees and costs incurred in making the motion.

Federal Rule of Civil Procedure 37 authorizes a district court to sanction a party for failure to comply with a discovery order. *See Hindmon v. National-Ben Franklin Life Ins. Corp.*,

3

677 F.2d 617, 620 (7th Cir. 1982) (upholding default judgment on a party's claim where the party committed discovery abuses including failure to respond to document production by the court's deadline).  Notwithstanding that defendant filed a Motion to Compel, the transgressed discovery order need not be an "order to compel" issued pursuant to Rule 37(a).  *See Moore v. Doe*, 108 F.3d 1379 (7th Cir. 1984) (citing *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978)).

In response to an abuse of the discovery process, a district court may dismiss an offending plaintiff's lawsuit, or enter judgment against an offending defendant, under Rule 37. Fed.R.Civ.P. 37(b)(2)(A)(v)-(vi); *Golant v. Levy*, 239 F.3d 931, 936 (7th Cir. 2001).  A district court can enter a default judgment under Rule 37 "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing."  *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. Of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998).   However, "[t]he cases in this circuit…do not set up a row of artificial hoops labeled 'bad faith' and 'egregious conduct' and 'no less severe alternative' through which a judgment must jump in order to be permitted by us appellate judges to dismiss a suit."  *Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591 (7th Cir. 1992). "A plaintiff's failure to comply with discovery orders is properly sanctioned by dismissal of the suit, a defendant's by entry of a default judgment."  *Id.*

Rule 37(b)(2) also mandates the broad recovery of all attorneys' fees and costs caused by the violation of the relevant discovery order.  Fed.R.Civ.P. 37(b)(2).  The award of such fees and expenses does not require that the offending party to have acted in bad faith.  *Venture Funding, Ltd. v. United States*, 190 F.R.D. 209, 212 (E.D. Mich. 1999).   Indeed, unless the offending party's actions were "substantially justified," Rule 37(b)(2) directs that a Court "must" require

4

that party to pay such expenses.  Fed.R.Civ.P. 37(b).  The burden is on the party (and/or the attorney) against whom fees and costs are sought to show that its violation of the relevant discovery order was "substantially justified."  *See Arrington v. La Rabida Children's Hosp.*, 2007 WL 1238998*4 (N.D. Ill. 2007).

**B.     The Legal Standard for Sanctions Pursuant to the Court's Inherent Power**

A federal district court additionally has the inherent power to sanction conduct abusing the judicial process.  *See, e.g. Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-47, 58 (1991); *Link v. Wabash R. Co.*, 370 U.S. 626, 632, 636 (1962); *Dotson v. Bravo*, 321 F.3d 663, 666-69 (7th Cir. 2003).  That inherent power reflects "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Chambers*, 501 U.S. at 43.  Inherent power "can be invoked even if procedural rules exist which sanction the same conduct," and includes dismissal or default.  *Id*. at 49; *See National Hockey League v. Metropolitan Hockey Club Inc.*, 427 U.S. 639, 642 (1976); *Dotson*, 321 F.3d at 666.

A Court must "exercise caution...and it must comply with the mandates of due process…."  *Chambers*, 501 U.S. at 50.  However, the ultimate sanction of dismissal or the entry of judgment is permissible when the circumstances so warrant.  *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993).   However, unlike sanctions under Rule 37, when the Court uses its inherent powers, no showing of willfulness, bad faith, fault or even prejudice is required.  *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992).

Among the sanctions available to the Court under its inherent powers is default judgment.  Although outright termination of litigation is severe, it "must be available…not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who

might be tempted to such conduct in the absence of a deterrent."  *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, at 759 (7th Cir. 2005)(quoting *Nat'l Hockey League,* 427 U.S. at 643).  *See Jensen v. City of Wilmington, Illinois,* 2003 WL 21698993 (7Th Cir. 2003)(holding that district court was entitled to sanction plaintiffs for discovery violations by dismissing case, where plaintiffs failed to respond to defendants' interrogatories for almost six months, plaintiffs did not respond within the multiple extensions of time granted, plaintiffs did not follow through on multiple promises to respond and the district court warned defendant they would face dismissal for failure to prosecute if they did not respond).

**C.    Defendant is Entitled to All of Its Attorneys' Fees and Costs Caused by Plaintiff's Failure to Respond to Discovery and Requests that the Court Grant a Default Judgment Against Plaintiff**

Plaintiff's unjustified violations of his disclosure and discovery obligations has directly caused defendant to incur substantial attorneys' fees and costs, for which plaintiff must now be held responsible under Rule 37 and the Court's inherent powers.  *See* Fed.R.Civ.P., 37(a)(5) (stating "the court must…require the party…whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees…"); Fed.R.Civ.P. 37(b)(2)(C) (stating "the court must order the disobedient party…to pay the reasonable expenses, including attorneys' fees, caused by the failure…").

Plaintiff has failed to comply with any of the Court deadlines in this case.  While initial disclosures were due on December 1, 2012, plaintiff did not submit his until January 14, 2013. Further, the plaintiff has never sought leave of Court to obtain an extension of time to answer discovery and, to date, has not provided discovery responses that are now almost 5 months overdue.   As a result of plaintiff's lack of communication and willful disregard of discovery

6

obligations and this Court's orders, defendant has had no choice but to file a Motion to Compel and now this Motion for Sanctions.

As such, the Court should sanction plaintiff pursuant to the Federal Rules of Civil Procedure and the Court's inherent powers by requiring plaintiff to pay all attorneys' fees and costs incurred in defendant's attempts to obtain discovery through its Motion to Compel, letters, conference calls, and the costs of preparing this Motion. *See Sanchez v. McGinnis*, 1993 WL 92422 (N.D. Ill. 1993) (awarding attorney's fees after defendants' repeated failure to meet discovery deadlines).   "An award of attorney's fees 'shall' be made 'unless the court finds that …the opposing party's nondisclosure, response, or objection was substantially justified or that other circumstances make an award of expenses unjust.'"   *Arrington*, 207 WL 1238998 at *4. Because plaintiff has frustrated discovery to the point that plaintiff's deposition has been postponed at least once, the federal court can sanction such conduct by resorting either to the Court's "inherent power" to impose sanctions, or by proceeding under the Federal Rules of Civil Procedure.

Courts have ruled that "contumacious conduct" merits strong sanctions.   *See, e.g., Marrocco,* 966 F.2d at 224; *Langley v. Union Elec. Co.*, 107 F.3d 510 (7th Cir. 1997); *Patterson v. Coca Cola Bottling Co.*, 852 F.2d 280, 283 (7th Cir. 1988); *Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1138 (7th Cir. 1987).   Plaintiff should not be allowed to ignore his discovery obligations until it suits him to respond, especially when he has ignored a Court's order to answer the same.

Additionally, as indicated in the Court's Order on Motion to Compel, a default judgment should be rendered against plaintiff for his failure to comply with the Court's Order.

## IV.     CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court (1) grant its Motion for Sanctions; (2) order plaintiff to pay all of defendant's attorneys' fees and costs caused by plaintiff's failure to provide discovery responses; (3) render a default judgment against plaintiff and grant defendant relief the Court deems just and proper.

McDONALD, WOODWARD & CARLSON, P.C.


By   /s/ Heather L. Carlson                                    _
    Patrick L. Woodward   6305291
    Heather L. Carlson       141333

P. O. Box 2746
Davenport, IA 52809
Telephone:  563/355-6478
Facsimile:  563/355-1354
Email:  hcarlson@mwilawyers.com

ATTORNEY FOR DEFENDANT

Copy to:

John A. Singer
WINSTEIN, KAVENSKY & CUNNINGHAM LLC
P. O. Box 4298
Rock Island, IL 61204-4298

| **CERTIFICATE OF SERVICE** |
| --- |
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on the 6th day of June, 2013. |
| By x ECF System Participant (Electronic Service) |
| Signature  /s/ Amie Chantos |